The Honorable Bobby L. Glover State Senator Post Office Box 1 Carlisle, AR 72024-0001
Dear Senator Glover:
I am writing in response to your request for my opinion regarding the following questions, which you have submitted on behalf of the Mayor of Stuttgart:
 1. The City of Stuttgart advertised for bids for a paving project. At bid opening, only one bid was received which the mayor accepted. He requested that the city clerk call the council members to tell them that he had accepted the bid. There was not a poll or vote taken. Was this in violation of FOI?
 2. Are disciplinary write ups in a personnel file subject to FOI?
RESPONSE
With respect to your first question, I do not believe the communication you describe between the city clerk and individual council members regarding a matter on which the city council has no authority to act would be subject to the open-meetings provisions of the Arkansas Freedom of Information Act (the "FOIA"), A.C.A. §§ 25-19-101 through -109 (Repl. 2002 Supp. 2005). With respect to your second question, I believe disciplinary write-ups in a personnel file will be subject to disclosure under the FOIA only if there has been a final administrative resolution of any suspension or termination proceeding involving the employee, the records at issue formed a basis for the decision to suspend or terminate the employee, and a compelling public interest in disclosing the documents exists. A.C.A. § 25-19-105(c)(1).
Question 1: The City of Stuttgart advertised for bids for apaving project. At bid opening, only one bid was received whichthe mayor accepted. He requested that the city clerk call thecouncil members to tell them that he had accepted the bid. Therewas not a poll or vote taken. Was this in violation of FOI?
Under the circumstances described in your question, I do not believe the calls implicate the provisions of the FOIA.
The procedure for entering into a contract of the sort described in your request is set forth at A.C.A. § 14-58-303
(Supp. 2005), which provides in pertinent part:
 (a) In a city of the first class,[1] city of the second class, or incorporated town, the mayor or the mayor's duly authorized representative shall have exclusive power and responsibility to make purchases of all supplies, apparatus, equipment, materials, and other things requisite for public purposes in and for the city and to make all necessary contracts for work or labor to be done or material or other necessary things to be furnished for the benefit of the city, or in carrying out any work or undertaking of a public nature therein.
 (b)(1)(A) The municipal governing body of any city of the first class shall provide, by ordinance, the procedure for making all purchases which do not exceed the sum of twenty thousand dollars ($20,000).
 * * *
 (2)(A)(i) In a city of the first class, where the amount of expenditure for any purpose or contract exceeds the sum of twenty thousand dollars ($20,000), the mayor or the mayor's duly authorized representative shall invite competitive bidding thereon by legal advertisement in any local newspaper.
 (ii) Bids received pursuant to the advertisement shall be opened and read on the date set for receiving the bids in the presence of the mayor or the mayor's duly authorized representative.
 (iii) The mayor or the mayor's duly authorized representative shall have exclusive power to award the bid to the lowest responsible bidder, but may reject any and all bids received.
This statute invests the mayor of a city of the first class with the "exclusive power and responsibility" to contract on behalf of the city, subject, of course, to the city council's underlying authority to appropriate revenues to finance the contract. Judging from the mayor's factual recitation, he (or, possibly, one of his predecessors) observed the bidding requirements recited above and then entered into the paving contract, precisely as the statute empowers him to do.
Nothing in the applicable statute requires the mayor to notify the city council that he has entered into a contract for services, much less to seek city-council ratification of the contract. Because in this case the mayor alone was the decision maker, the individual telephone calls do not implicate the open-meeting provisions of the Arkansas Freedom of Information Act (the "FOIA"), A.C.A. §§ 25-19-101 through -109 (Repl. 2002 Supp. 2005).[2]
In offering this opinion, I do not mean to suggest that individual communications to city council members by a mayor, whether directly or through an agent such as the city clerk, could never violate the FOIA. In this regard, I consider it crucial to distinguish between a communication that is purely informational, as was the report of the mayor's independent and authorized action in this case, and one that is offered with the intention of inviting a response that will, in effect, amount to an exchange intended to result in the taking of some public action. The latter type of communication was at issue in Harrisv. City of Fort Smith, No. 04-485 (Ark.Sup.Ct. Nov. 4, 2004), in which the Arkansas Supreme Court held that contact of individual Board members by the Forth Smith City Administrator to obtain approval of action to be taken by the Board as a whole constituted an informal Board meeting subject to the FOIA. I do not believe a similar conclusion applies to the facts set forth in your question, which reflect only a communication of the fact that the mayor had undertaken an action he was authorized to perform without any participation by the city council.
Question 2: Are disciplinary write ups in a personnel filesubject to FOI?
The FOIA dictates that employee evaluations or job performance records be released only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1). With respect to each disciplinary write-up, the custodian will need to review the record to see if the above conditions have been met. If any one of the three conditions has not been met, the custodian should decline to produce the document.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh
[1] Stuttgart is a city of the first class.
[2] With respect to the requirement that public meetings be open, A.C.A. § 25-19-106(a) provides:
 Except as otherwise specifically provided by law, all meetings, formal or informal, special or regular, of the governing bodies of all municipalities, counties, townships, and school districts and all boards, bureaus, commissions, or organizations of the State of Arkansas, except grand juries, supported wholly or in part by public funds or expending public funds, shall be public meetings.